UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MURPHY,

        Petitioner,

  v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION and KATHY MENDOZA-POWERS, Warden,

        Respondents.

No. C 06-4956 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Dismiss**

    Petitioner Steven Murphy, a California prisoner now incarcerated at Avenal State Prison in Avenal, California, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents' motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) is now before the court.

BACKGROUND[1]

    Before the CDC-115 ("115") violation at issue here, petitioner had only one disciplinary infractions twenty years earlier. For several years, petitioner was an active volunteer for the Catholic Chapel Program. In 2000 Father R. Francis Stevenson replaced the outgoing priest as the full-time Catholic Chaplain. Shortly thereafter, Father Stevenson allegedly adopted a less orthodox approach to services. Petitioner claims that changes initiated by Father Stevenson induced petitioner and at least one hundred other inmates to withdraw from the program over the first eight months of Father Stevenson's tenure.

1    Petitioner contends that he was placed in administrative segregation and investigated for both
2 conspiring to undermine the Catholic Chapel Program and threatening Father Stevenson in
3 retaliation for withdrawing from the program.  In preparation for his disciplinary hearing, petitioner
4 was provided the assistance of an "investigative employee" by the prison administration.  The
5 investigative employee was assigned to assist in petitioner's defense preparation by interviewing
6 prospective witnesses and obtaining relevant documents.  Petitioner argues that the investigative
7 employee's performance was deficient.  The investigative employee allegedly failed to obtain proper
8 documents and investigate crucial facts, created false and defective reports, and failed to interview
9 key witnesses.  Additionally, petitioner alleges that he was not permitted to interview witnesses to
10 his supposed disciplinary violations, nor was he permitted to call any witnesses to support his
11 position.

LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim, and not the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

2

1   Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not, however, accept as true allegations
2   that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences.
3   See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness
4   Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

6   DISCUSSION

7       Respondents assert that petitioner fails to allege a cognizable claim for which habeas relief
8   may be granted.  Specifically, respondents argue that expunging petitioner's 115 disciplinary
9   violation is unlikely to affect the duration of petitioner's confinement.  They ask that the petition be
10  summarily dismissed.  Petitioner disagrees, relying on transcripts of hearings conducted by the
11  Board of Parole Hearings where 115 violations impaired petitioner's and another inmate's chances
12  of parole.  See Exh.'s Q & R.
13      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
14  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
15  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "Habeas corpus
16  jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his
17  record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson,
18  884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir.
19  1982)); see also Docken v. Chase, 393 F.3d 1024, 1028–29 (9th Cir. 2004).  A district court shall
20  "award the writ or issue an order directing the respondent to show cause why the writ should not be
21  granted, unless it appears from the application that the applicant or person detained is not entitled
22  thereto."  28 U.S.C. § 2243.

23      Petitioner alleges that his disciplinary violation was determined in a manner violative of his
24  right to due process.  Petitioner further alleges that this blemish on his record will likely lengthen the
25  duration of his incarceration, being detrimental to his eligibility for parole.  Viewing the facts
26  petitioner offers to support these allegations in the light most favorable to him, the court recognizes

petitioner's cognizable claim for habeas relief. Accordingly, respondents' motion to dismiss is denied.

Finally, respondents' reply to petitioner's opposition to the motion in question was filed without leave from the court. This being the case, the court sustains petitioner's objection to that reply and considers neither it nor petitioner's subsequently filed reply in ruling as follows.

CONCLUSION

For the foregoing reasons, respondents' motion to dismiss is DENIED. The parties shall appear before the court for a Status Conference for further scheduling on April 30, 2007, at 3:00p.m.and shall file a joint Status Conference Statement on or before April 23, 2007, setting forth a proposed schedule for this case.

IT IS SO ORDERED.

Dated: April 2, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTE**

1. Unless otherwise indicated, all facts are taken from plaintiff's complaint and memorandum in support thereof.